IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CRAIG A. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08-CV-069 |
| | ) | |
| WASHINGTON MUTUAL BANK, | ) | |
| WILSON & ASSOCIATES, P.L.L.C, | ) | |
| and AARON L. SQUYRES, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

As to liability only, plaintiff has moved for summary judgment [docs. 43, 45] against defendants Wilson & Associates, P.L.L.C. and Aaron L. Squyres (collectively, "Wilson & Associates").[1] Wilson & Associates has also moved for summary judgment [doc. 50] and has filed a motion to strike the admissions attached to plaintiff's dispositive motions [doc. 47]. These matters have been fully briefed and are ripe for the court's consideration. For the reasons that follow, defendants' motion to strike will be granted and all pending summary judgment motions will be denied.

---

[1] On August 4, 2009, plaintiff voluntarily dismissed the third defendant in this case, The Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank.

I.

*Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If the moving party carries its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *See id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *See id.* at 251-52.

II.

*Background*

Wilson & Associates communicated with plaintiff and his attorney several times in early 2008 concerning the foreclosure of plaintiff's home. By his first amended complaint ("the complaint"), plaintiff alleges that Wilson & Associates committed numerous

violations of the Fair Debt Collection Practices Act ("FDCPA"). Trial is presently set for September 15, 2010, with a dispositive motion deadline of May 18, 2010, pursuant to the court's scheduling order [doc. 42, ¶ 6(b)].

III.

*Analysis*

A. Plaintiff's Summary Judgment Motions and Defendants' Motion to Strike

In January 2010, plaintiff served Wilson & Associates with written discovery requests including requests for admission. As of the April 7, 2010 filing of plaintiff's summary judgment motions, Wilson & Associates had not answered the requests for admission.

Even though dispositive motions were not due for another six weeks, plaintiff moved for summary judgment on April 7 relying wholly on the defendants' failure to respond to the requests for admission. Plaintiff cites Rule 36 of the Federal Rules of Civil Procedure, which provides in material part, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). According to plaintiff, the requests for admission (once deemed admitted under Rule 36(a)(3)) show that there are no genuine issues of disputed material fact as to liability.

However, Rule 36 further provides,

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

Fed. R. Civ. P. 36(b). Defendants' motion to strike is, in effect, a motion to withdraw admissions under Rule 36(b). By that motion, Wilson & Associates contends that plaintiff's counsel had "agreed upon" an extended response deadline of April 9, 2010. The court finds defendants' characterization of the "agreement" to be somewhat of an overstatement. Nonetheless, on the facts of the present case, the court will allow withdrawal of the Rule 36(a)(3) admissions.

On March 9, 2010, plaintiff's counsel sent a follow-up email to defense counsel, requesting discovery responses "at your earliest convenience." [Doc. 53, ex. 1]. Defense counsel did not answer that email, causing plaintiff's attorney to send a second message on March 18 contemplating the filing of a motion to compel. Defense counsel responded, purporting to be "on spring break" with his family. The lawyers agreed that they would speak by phone on March 22. That conversation apparently never took place, as plaintiff's counsel sent another follow-up email on March 30 asking "when I may expect the responses." [Doc. 53, ex. 2].

Defense counsel responded on April 1, "I can have everything to you by 4/9/10 if that is okay with you. It's been a crazy month as the other [attorney] in my office here was

4

activated by the Army last month. I'm still catching up on his files and mine . . . ." [Doc. 53, ex. 3]. There is no evidence that plaintiff's attorney responded to that email. Rather than waiting until April 9 to see if the discovery responses were in fact provided, plaintiff instead filed his summary judgment motions on April 7 - six weeks before the deadline for such filings.[2]

The court has "considerable discretion" in deciding whether to allow the withdrawal of admissions under Rule 36(b). *See Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 154 (6th Cir. 1997) (citation omitted). Withdrawal is permitted if: (1) it would "promote the presentation of the merits of the action"; and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

The first prong of Rule 36(b) is satisfied "when upholding the admission would practically eliminate any presentation on the merits of the case." *Riley v. Kurtz*, No. 98-1077, 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). That prong is satisfied here, as according to plaintiff the admissions are dispositive of all issues of liability. "Deciding dispositive issues against a party because of a missed deadline does not further the interests of justice. In the matter before this Court, the admissions requested go to the heart of the case, and accordingly should be decided upon a complete trial." *United States v. $30,354.00 in United States*

---

[2] Wilson & Associates did in fact serve its responses to the requests for admission on April 9, 2010. [Doc. 55, ex. 4, 5].

*Currency*, 863 F. Supp. 442, 445 (W.D. Ky. 1994).

As for Rule 36(b)'s second requirement, the necessary level of prejudice "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Kerry Steel*, 106 F.3d at 154 (quoting *Brook Village N. Assocs. v. Gen. Elec.*, 686 F.2d 66, 70 (1st Cir. 1982)). Instead, there must be "special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154 (quoting *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

Plaintiff has shown no such "special difficulties." He cites only the need for further discovery [doc. 53, p. 6-7; doc. 55, p. 14], and it is the court's belief that a short continuance of the trial date is the proper remedy for that concern.

Having found both prongs of Rule 36(b) to be satisfied, the court will allow the withdrawal of the admissions relied upon in plaintiff's summary judgment motions. To be certain, defense counsel has been less than diligent in responding to discovery requests. At the same time, it appears that plaintiff compounded the problem by hastily moving for summary judgment six weeks prior to the dispositive motion deadline rather than waiting two additional days to see if defendants in fact served their discovery responses.

Defendants' joint motion to strike will accordingly be granted, and the admissions filed as exhibits 1 to plaintiff's summary judgment briefs will be deemed withdrawn. Because those admissions are the sole grounds upon which plaintiff's summary

judgment motions are based, those motions will be denied. To accommodate plaintiff's need for further discovery and to allow for the filing of properly supported dispositive motions (if warranted), the jury trial presently scheduled for September 15, 2010, will be reset to January 5, 2011.

### B. Defendants' Summary Judgment Motion

Wilson & Associates advances three theories in support of its summary judgment motion. None of those arguments are well-taken, and the motion will accordingly be denied.

### 1. FDCPA

The FDCPA contains a private cause of action for those harmed by "debt collectors." *See* 15 U.S.C. § 1692k. "Debt collector" is defined in material part as including

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purposes of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . . .

15 U.S.C. § 1692a(6).

Wilson & Associates contends that its role in the instant dispute was limited to conducting a nonjudicial foreclosure. As such, defendants contend that they are "debt collectors" under the FDCPA only to the extent of the last sentence quoted above, pertaining

7

only to alleged violations of 15 U.S.C. § 1692f(6).[3] Because, according to Wilson & Associates, § 1692f(6) "is not the subject of this case" [doc. 49, p.4; doc. 52, p.4], defendants contend they are entitled to summary judgment.

Defendants' attention is directed to the complaint. Therein, plaintiff repeatedly alleges that Wilson & Associates violated § 1692f(6). [Doc. 20, ¶¶ 19, 21, 25, 29, 32, 37, 40, 45, 48]. Section 1692f(6) therefore *is* "the subject of this case," and Wilson & Associates is admittedly a "debt collector" under that provision. For this reason alone, defendants' FDCPA argument fails.

Moreover, there are genuine issues of material fact as to whether Wilson & Associates is a "debt collector" under other provisions of the FDCPA. As quoted above, the statutory definition of "debt collector" includes "any business the principal purpose of which is the collection of any debts," or any business which "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

In support of its motion, Wilson & Associates has submitted the affidavit of one of its members, Christopher Palmer. [Doc. 51, ex. 1]. Mr. Palmer states that Wilson & Associates is "a law firm primarily engaged in the practice of real estate and providing support to mortgage banking clients." According to Mr. Palmer, Wilson & Associates was retained in this case "to proceed with a non-judicial foreclosure." Mr. Palmer denies that any

---

[3] Section 1692f(6) prohibits, under certain circumstances, "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property . . . ."

"steps were undertaken in the business dealings with Plaintiff to specifically collect money from him pursuant to the underlying debt. The account of Plaintiff was referred to Wilson & Associates and Aaron Squyres for non-judicial foreclosure only, and not for prosecution or collection of a money judgment."

The Palmer affidavit misses the point.

> In determining whether a party is a debt collector, the focus is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities. . . . Whether a party "regularly" attempts to collect debts is determined by the volume or frequency of its debt-collection activities.

*Stamper v. Wilson & Assocs.*, No. 3:09-cv-270, 2010 WL 1408585, at *8 (E.D. Tenn. Mar. 31, 2010) (citations and quotation omitted); *accord Johnson v. Wilshire Credit Corp.*, No. 2:08-cv-50, 2009 WL 559950, at *4-5 (E.D. Tenn. Mar. 5, 2009). "Thus, the court must look beyond the facts of the present case to determine whether the principal purpose of Wilson & Associates is to collect debts, or whether they regularly engage in collecting debts." *Stamper*, 2010 WL 1408585, at *8.

In *Stamper*, Judge Phillips ruled on the particular facts of that case that Wilson & Associates was not a debt collector. *Stamper*, however, is readily distinguishable. The *Stamper* plaintiffs did not allege that Wilson & Associates violated § 1692f(6), *id.* at *3, and they "provided no evidence" that Wilson & Associates otherwise fit within the FDCPA's definition of a "debt collector." *Id.* at 8.

9

By contrast, the instant plaintiff has submitted a printout from Wilson & Associates' website, which lists services including asset recovery, loss mitigation, garnishments, deficiency actions, and suits on notes. [Doc. 55, ex. 3]. That printout raises a genuine issue of material fact as to whether defendants regularly engage in debt collection. Wilson & Associates' letters to plaintiff further raise genuine issues of material fact on that point. For example, defendants' January 3, 2008 letter states in part,

> This law firm is a debt collector attempting to collect a debt. Any information obtained can be used for the purpose of collecting the debt.
>
> . . .
>
> This is an attempt to collect a debt. . . .
>
> . . . The amount of the debt that we are attempting to collect . . . is $98,032.71. . . . If you make a payment that will be received after the date of this letter, you should contact our Loss Mitigation Department . . . to confirm what additional amounts have become due.
>
> . . .
>
> This is an attempt to collect a debt. . . .
>
> . . .

[Doc. 20, ex. A]. Wilson & Associates claims that all of the "debt collection" language in its letters is "standard FDCPA disclaimer[s]." However, defendants have offered no evidence on that point.

For all these reasons, there remain genuine issues of material fact as to Wilson & Associates' status as a "debt collector" under the FDCPA. Defendants' summary

judgment in that respect must therefore be denied.

## 2. Judicial Estoppel

Wilson & Associates next cite plaintiff's March 2009 Chapter 13 bankruptcy filing. They argue that because plaintiff did not disclose the instant lawsuit as an asset in that bankruptcy, he should be judicially estopped from further pursuing this case.

> The doctrine of judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. . . . Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment. . . . In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court.

*Teledyne Indus. v. N.L.R.B.*, 911 F.2d 1214, 1217-18 (6th Cir. 1990) (internal citations, quotations, and footnote omitted).

The court has reviewed plaintiff's bankruptcy documents [doc. 52, ex. 5, 6]. The circumstances evidenced by those papers are not the sort of conduct warranting the exercise of judicial estoppel. Plaintiff filed the Chapter 13 petition *pro se*. He did not, as defendants suggest, fail to disclose *only* the present lawsuit as an asset. Instead, plaintiff did not file *any* of his required schedules. Further, within six weeks of the bankruptcy filing, plaintiff filed a motion to dismiss which was granted before the meeting of creditors had even taken place.

Plaintiff's incomplete, short-lived, *pro se* bankruptcy does not judicially estop his continued prosecution of this case. In that bankruptcy, this court sees no "cynical gamesmanship," "achiev[ed] success," or "contrary position [taken] under oath in a prior proceeding . . . that . . . was accepted by the [bankruptcy] court." *Teledyne*, 911 F.2d at 1217-18. The doctrine of judicial estoppel is therefore inapplicable to the present case.

### 3. Subject Matter Jurisdiction

Lastly, Wilson & Associates argue that this case should be dismissed due to a lack of subject matter jurisdiction under 28 U.S.C. § 1332. The complaint identifies plaintiff as a resident of Tennessee. Wilson & Associates (identified in the complaint as an Arkansas company) has offices in Tennessee which employ Tennessee residents. According to defendants, these facts bar the court from exercising diversity jurisdiction under § 1332.

Defendants' theory is nonsensical, and the court need not waste judicial resources addressing the numerous flaws contained therein. Plaintiff has sued the defendants under the FDCPA, a federal statute. The court thus has subject matter jurisdiction under 28 U.S.C. § 1331 as alleged in the complaint. This is not a diversity case.

### C. Conclusion

All pending dispositive motions will be denied. The joint motion to strike will be granted. The jury trial presently scheduled for September 15, 2010, will be reset to January 5, 2011, to accommodate the need for additional discovery in light of the delays

caused by both sides as discussed herein.[4] Defendants' discovery motion [doc. 57], asking for relief from deadlines pending the court's ruling on the parties' dispositive motions, will be denied as moot.

An order consistent with this opinion will be entered.

ENTER:

                                                         s/ Leon Jordan
                                           United States District Judge

---

[4] After the signing of this opinion but prior to its docketing, the parties filed a joint motion for continuance of trial [doc. 60]. That motion will be granted.